# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Edwin Garrison, | Case No.: 2:23-cv-01138-JAD-BNW |
| Plaintiff | **Order Denying Emergency Motion to Stay and Motion to Dismiss** |
| v. | |
| Graham Stephan, Andrei Jikh, and Jeremy Lefebvre, | [ECF No. 4, 8] |
| Defendants | |

Plaintiff Edwin Garrison moves on an emergency basis for a stay of this case pending potential transfer to the Southern District of Florida by the Judicial Panel on Multidistrict Litigation.  Because Garrison has not justified the relief he seeks, I deny his motion.

## Background

Garrison initially filed this action against Graham Stephan, Andrei Jikh, Jeremy Lefebvre (the Nevada defendants), and other "influencers" in the Southern District of Florida, alleging that they facilitated the sale of unregistered securities related to FTX, the now-defunct cryptocurrency-exchange company.  On June 5, 2023, the Judicial Panel on Multidistrict Litigation (JPML) ordered the transfer and consolidation of actions stemming from the collapse of FTX to the Southern District of Florida, and noted Garrison's action as a potential "tag-along" matter to those actions.[1]  The judge in Garrison's action denied all pending motions in the case, then stayed and administratively closed it because of the potential transfer.[2]

The judge presiding over the multidistrict litigation (MDL), *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, then held a status conference to discuss the resolution of various

---

[1] ECF No. 8-2; ECF No. 8-3.

[2] ECF No. 8-5.

defendants'—including our Nevada defendants'—personal-jurisdiction disputes, and Garrison told the court that he would refile complaints in courts that could assert personal jurisdiction over the defendants then transfer those cases as tag-alongs in the MDL.[3]  The Nevada defendants refused to waive their personal-jurisdiction defense, so Garrison filed this action to clear that jurisdictional hurdle.  And the JMPL issued a conditional-transfer order, noting that this case is "transferred under 28 U.S.C. § 1407 to the Southern District of Florida" but that the order "does not become effective until it is filed" by the clerk's office in the Southern District.[4]  The defendants nevertheless filed a motion to dismiss in this case and objected to the transfer, which automatically stayed the transfer of the action until the JPML considers the objection.[5]  Garrison's response to the motion to dismiss was due on August 10, 2023.

On August 5, 2023, Garrison filed an emergency motion to stay or, in the alternative, to extend the briefing schedule for the motion to dismiss.  He argues that the defendants are just trying to delay the inevitable transfer of this case and force him to expend resources on a motion that would be properly brought before the transferee court.  Garrison asks that I exercise my discretion to stay proceedings in the interests of judicial economy.  The defendants respond that Garrison failed to follow local rules when filing this motion on several different fronts and a stay is not warranted under the rules governing transfer of MDL cases.

---

[3] ECF No. 8-8 at 5.

[4] ECF No. 8-12 at 2.

[5] *Id.*; ECF No. 4 (motion to dismiss); ECF No. 7 (notice of intent to oppose conditional transfer).

**Discussion**

**A.    The defendants' withdrawal of their motion to dismiss appears to render Garrison's alternative request to extend the response deadline moot.**

On April 10, 2023, Garrison filed an amended complaint and a response to the motion to dismiss.[6]  Because the amended complaint replaces the original complaint in its entirety, the defendants withdrew their motion.[7]  The withdrawal, as well as Garrison's response to the motion to dismiss, makes moot his alternative request to extend the briefing schedule.  So I deny that alternative request as moot, and I deny the motion to dismiss without prejudice because Garrison filed an amended complaint.[8]

**B.    Garrison has not justified a stay of the case under these circumstances.**

To the extent Garrison seeks a stay of the entire case while the JPML deliberates, I deny that request.  A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[9]  When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in

---

[6] ECF No. 12; ECF No. 13.

[7] ECF No. 14.

[8] Garrison's alternative request also did not comply with Local Rule 7-4, which explains that emergency motions "are not intended for requests for procedural relief" like motions to extend time, and Local Rule IC 2-2, which requires litigants to file a separate document "for each type of relief requested or purpose of the document."

[9] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[10]

Garrison appeals to the court's power to control its docket, but he does not address any of the *Landis* factors to justify a stay.[11]  He instead argues that the JPML has already decided to transfer this action to the Southern District of Florida and the judge responsible for the consolidated action indicated in a previous order that responses should be filed in that action.  He cites only nonbinding authority for the proposition that courts in this district often stay cases while the JPML considers the defendants' opposition to the transfer.

I find that the *Landis* factors don't justify a stay in these circumstances.  While it seems that little damage would result from a stay, Garrison has not shown that he would suffer any hardship from allowing this case to proceed at this early stage.  Nothing prevents this case from being transferred if the JPML so decides, even if a fully briefed motion to dismiss is pending here.  The JPML itself recognizes that a conditional-transfer order "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."[12]  And as the Federal Judicial Center's Manual for Complex Litigation explains, the JPML "has held that the pendency of potentially dispositive motions is not an impediment to transfer of actions, because such motions can be addressed by the transferee judge for resolution after transfer."[13]  So I deny Garrison's motion to stay this case.

---

[10] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

[11] ECF No. 8 at 4.

[12] JPML Rule 2.1(d).

[13] Ann. Manual for Complex Lit. § 20.131 (4th ed.); *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (holding that the JPML "has jurisdiction to transfer a case in which a jurisdictional objection is pending").

**Conclusion**

IT IS THEREFORE ORDERED that plaintiff Edwin Garrison's emergency motion to stay **[ECF No. 8] is DENIED**.

IT IS FURTHER ORDERED that the defendants' motion to dismiss **[ECF No. 4] is DENIED** without prejudice.

_____

U.S. District Judge Jennifer A. Dorsey
August 11, 2023